ROSEVILLE ESTATES, INC., ET AL. *v.* BOARD OF TAX
REVIEW OF THE TOWN OF WESTPORT
(8557)

KOWALSKY PROPERTIES, INC. *v.* BOARD OF TAX
REVIEW OF THE TOWN OF WESTPORT
(8558)

FOTI, CRETELLA and LANDAU, Js.

Argued November 6, 1990—decision released January 2, 1991

*Randy Lynn Cohen,* for the appellants (plaintiffs).

*Michael S. Lynch,* with whom, on the brief, were *Susan M. Wood* and *Keith Dunnigan,* for the appellee (defendant).

PER CURIAM. The plaintiffs appeal from the judgments of the trial court[1] dismissing their appeals from the defendant's refusal to reduce the assessor's valuation of property owned individually by each plaintiff. The trial court found that the plaintiffs had failed to sustain their burden of proving that the property had been overvalued and dismissed their appeal.

The plaintiffs challenge the trial court's acceptance of the defendant's methodology for calculating property values. In essence, the plaintiffs challenge the trial court's factual findings and its determinations regarding the credibility of witnesses. On appeal, it is the function of this court to determine whether the factual findings of the trial court are clearly erroneous. See Practice Book § 4061. "[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). "The credibility of 'expert witnesses and the weight to be accorded to their testimony are within the province of the trier of facts, who is privileged to adopt whatever testimony he reasonably

[1] Because both cases involve the same principals of both plaintiff corporations, because the same appraiser testified in both cases using the same methodology, and because the defendant used the same assessment technique for all of the properties involved, the trial court rendered one memorandum of decision for both cases. The plaintiffs appeal separately from this decision and the resulting judgments.

believes to be credible.' *New Haven Water Co.* v. *Board of Tax Review,* 166 Conn. 232, 240, 348 A.2d 641 (1974)." *Ferri* v. *Pyramid Construction Co.,* 186 Conn. 682, 690, 443 A.2d 478 (1982).

A review of the record indicates that the evidence supports the trial court's thoughtful and reflective memorandum of decision.

The judgments are affirmed.